**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                  ) | |
|         Plaintiff,        ) | |
|                                  ) | |
| v.        ) | Civil Action No. 1:18-cv-00702 |
|                                  ) | |
| ESTATE OF JOHN BORETA, TIERRA        ) | |
| LINDA RANCH HOMEOWNERS ASSOCIATION) | |
| GILLESPIE COUNTY TAX ASSESSOR,        ) | |
| PROJECT DEVELOPMENT COMPANY        ) | |
| LIMITED, S.A., and ALAN L. TINSLEY AS        ) | |
| TRUSTEE OF PROJECT DEVELOPMENT        ) | |
| COMPANY LIMITED, S.A.,        ) | |
|                                  ) | |
|         Defendants.        ) | |

**UNITED STATES OF AMERICA'S COMPLAINT**

The United States of America, pursuant to pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate files this Complaint against Defendants, Estate of John Boreta, Terra Linda Ranch Homeowners Association, Gillespie County Tax Assessor, Project Development Company Limited, S.A., and Alan L. Tinsley as Trustee of Project Development Company, S.A., and states as follows:

**NATURE OF ACTION**

1.        This is a civil action brought by the United States pursuant to 26 U.S.C. §§ 7401and 7403 to foreclose on real and personal properties owned by John Boreta and/or the Estate of John Boreta.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 26 U.S.C. § 7403 and 28 U.S.C.

§§ 1340 and 1345.

3.     Venue of this action properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and

1396.

## THE PARTIES

4.     Plaintiff is the United States of America.

5.     Defendant, Estate of John Boreta, is the representative of the taxpayer John Boreta in this

action and can be served through his executor/executrix.

6.     Defendant, Tierra Linda Ranch Homeowners Association is named a party to this suit

under 26 U.S.C. § 7403(b) because it may have an interest in the properties described in the

Complaint and may be served through its registered agent.

7.     Defendant, Gillespie County Tax Assessor is a Defendant, pursuant to 26 U.S.C.

§ 7403(b), because property taxes made be owed to Gillespie County and other local taxing

authorities.

8.     Project Development Company Limited, S.A., ("Project Development Company"), is

named as a Defendant under 26 U.S.C. §  7403(b) because it may have an interest in the

properties as the beneficiary of an outdated Deed of Trust on the properties at issue and may be

served through its registered agent and/or trustee on the Deed of Trust.

9.     Alan L. Tinsley as Trustee for Project Development Company Limited, S.A., is a

Defendant under 26 U.S.C. §  7403(b) because he is named as the trustee for an outdated Deed

of Trust on the properties, and thus, may have an interest in the properties at issue.

## THE TAX LIABILITY

10.     A delegate of the Secretary of the Treasury assessed against, and gave notice and demand

for payment to John Boreta for income taxes, penalties, statutory additions, and interest, in the

amounts, years and assessment dates as follows:

| Year | Amount due as of 3/1/2017 | Assessment date |
|------|---------------------------|-----------------|
| 2004 | $951,355.79 | 12/17/2012 |
| 2005 | $441,474.95 | 12/17/2012 |
| 2006 | $453,406.01 | 12/17/2012 |
| 2007 | $   1,183.14 | 12/17/2012 |
| 2011 | $   3,613.45 | 03/11/2013 |
| Total | $1,851,033.34 | |

11.     The assessments against Boreta for the 2004-20007 years were agreed deficiency

assessments.   The assessment for 2011 was the amount Boreta showed as the tax due on his

2011 return. As of March 1, 2017, the total due for these 2004-2007 and 2011 tax periods plus

statutory accruals was $1,851,033.34.

12.     Notice and demand for payment of the assessments referred to above was made by the

IRS to Boreta on or about the date of the assessments.

13.     The United States recorded a Notice of Federal Tax Lien against John Boreta, deceased,

in the real property records of Gillespie County, Texas, on November 25, 2014.

## THE SUBJECT PROPERTIES

14.     Boreta was the owner of four tracts of real property located in Gillespie County, ("Tierra

Linda Ranch Estates Tracts"), and further described as follows:

> A 6.20 acre tract of land in Gillespie County, Texas, being more particularly
> described as Tract No. 3, Tierra Linda Ranch Estates, a subdivision of Gillespie
> County, Texas, according to map or plat thereof recorded in Volume 1, Page 1, of
> the Plat Records of Gillespie County, Texas.
>
> A 7.25 acre tract of land in Gillespie County, Texas, being more particularly

3

described as Tract No. 203, Tierra Linda Ranch Estates, NO. TWO, a subdivision
of Gillespie County, Texas, according to map or plat thereof recorded in Volume
1, Page 2, of the Plat Records of Gillespie County, Texas.

A 6.10 acre tract of land in Gillespie County, Texas, being more particularly
described as Tract No. 305, Tierra Linda Ranch Estates, NO. THREE, a
subdivision of Gillespie County, Texas, according to map or plat thereof recorded
in Volume 1, Page 9, of the Plat Records of Gillespie County, Texas.

A 7.50 acre tract of land in Gillespie County, Texas, being more particularly
described as Tract No. 516, Tierra Linda Ranch Estates, NO. FIVE, a subdivision
of Gillespie County, Texas, according to map or plat thereof recorded in Volume
1, Page 26, of the Plat Records of Gillespie County, Texas.

15.     Boreta acquired the Tierra Linda Ranch Estates Tracts in 1973.   In 1990, Boreta

acquired full ownership of the Tierra Linda Ranch Estates Tracts from Janet Boreta.

16.     On November 30, 1995, Boreta Granted a Deed of Trust to Alan L. Tinsley as trustee for

the Project Development Company in the Tierra Linda Ranch Estates Tracts.   The Deed of Trust

allegedly secured a Note that had a maturity date of December 31, 2005.   However, this Note

was not filed or renewed in the Gillespie County property records.   Project Development

Company failed to enforce the Note within four years of the maturity date of the Note. Thus,

under Tex.Civ.Prac. & Rem. Code Ann § 16.035 the Deed of Trust and Note are void.

17.     Project Development Company is allegedly a Panamanian Corporation.   However,

Project Development Company has never been registered in the State of Texas to conduct

business.

18.     Upon information and belief Project Development Company Limited's Deed of Trust and

Note are shams merely to hinder creditors from collecting against the Tierra Linda Ranch Estates

Tracts.

19.     On December 4, 2013, Defendant, Terra Linda Ranch Homeowners Association filed

4

four "Delinquent Assessment Lien Affidavits", one against each of the above listed tracts of

properties in the Tierra Linda Ranch Estates subdivision.

20.     John Boreta died on May 10, 2013.   An estate for John Boreta was opened in Alberta,

Canada.

## COUNT I

**(Foreclose Federal Tax Liens against the Tierra Linda Ranch Estates Tracts)**

21.     The United States is seeking to enforce its federal tax lien against the Tierra Linda Ranch

Estates Tracts described above to pay the tax liabilities, penalties and interest of John Boreta.

22.     Pursuant to 26 U.S.C. § 6321, federal tax liens attached to John Boreta's interest in the

Tierra Linda Ranch Estates Tracts upon the assessment of the taxes, penalties and interest set

forth in paragraph 10 above.   The federal tax liens attached Boreta's interest in the Tierra Linda

Ranch Estates Tracts, prior to his death and any subsequent transfer of the properties to his

executor or estate.   Transferred property to which a federal tax lien has attached at the time of

transfer is subject to collection action in the hands of the transferee without regard to the

transferor's liability. *United States v. Bess*, 357 U.S. 51, 57-58 (1958).   Even a taxpayer's death

does not adversely affect the validity of a federal tax lien since the federal tax lien remains

attached to the property and follows it into the executor hands.   *United States v. Bess*, 357 U.S.

at 57; *Estate of Brandon v. CIR*, 133 TC 83, 85-86 (2009).   Moreover, a federal tax lien is

effective upon assessment against the whole world, even if the notice of the lien is not recorded,

except for the creditors protected in I.R.C. § 6323.   *Rice Investment Co. v. United States*, 625

F.2d 565, 568 (5th Cir. 1980).   An executor, decedent's heirs, devisees or legatees do not fall

within any of the preferred categories of I.R.C. § 6323. *Spillar v. C.I.R.,* 2011 WL 1356714, at

*1 (S.D.Tex.,2011).   Thus, the United States seeks to foreclose the liens, sell the Tierra Linda Ranch Estates Tracts and have the sales proceeds applied to John Boreta's outstanding federal income tax liabilities.

FOR THESE REASONS, the United States requests the Court to Order:

A.     That the Tierra Linda Ranch Estates Tracts described above are subject to the claim of the United States; the Court determine the validity of the claims of the Defendants named herein against the properties; and also determine the priority of all respective claims as against the claim of the United States;

B.     That the Deed of Trust and note to Project Development Company be declared null and void;

C.     That the United States has valid federal tax liens against the Tierra Linda Ranch Estates Tracts described in above, that the liens be foreclosed, and the properties be sold in accordance with the law and practice of this Court, and that the proceeds of such sale be distributed in accordance with the findings of the Court and the rights of the parties; and

D.     That the United States have such further relief as this Court may deem just and proper, including its costs.

JOHN F. BASH
United States Attorney

/s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
Attorneys, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas   75201
(214) 880-9730
(214) 880-9774 (facsimile)
Jon.Fisher@usdoj.gov
Herbert.W.Linder@usdoj.gov

ATTORNEYS FOR UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 2  U.S. Government
  Defendant
- ☐ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                                                and One Box for Defendant)*

|                                          | PTF | DEF |                                                            | PTF | DEF |
|------------------------------------------|-----|-----|------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                             | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23          DEMAND $ _____          CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE _____          SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.        (a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.       Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.       Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.                Example:        U.S. Civil Statute: 47 USC 553
                                                                                Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

Remainder of Defendants:

Terra Linda Ranch Homeowners Association, Gillespie County Tax Assessor, Project Development Company Limited, S.A., and Alan L. Tinsley as Trustee of Project Development Company, S.A.